Thank you and good morning, Your Honors. Thomas Freeburg on behalf of Plaintiff and Appellant Wallace Petrie. I'd like to reserve five minutes for rebuttal. There are two issues I'd like to address this morning before the Court. First is did the District Court err by ruling as a matter of law that there was not an obstruction and thus no negligence per se or violation of statute? If there's a violation of statute, there's presumption of negligence under Federal Rule 301 that gets us through the issue of notice. In looking at the issue of obstruction, we look at- What's the second issue that you want to discuss? The second issue is notice, Your Honor. I suggest you do the second first. All right. When the defendant creates the condition, they're presumed to have notice. And in this particular situation, the evidence- Would you call that constructive notice? I would say yes, it's constructive notice. I mean, the question, it's somewhat twofold to a certain extent. The buildings were remodeled a number of years earlier. It's our contention and the evidence presented is that the remodel was on violation of building code. But be that as it may, the question becomes, has the defendant knowingly created this condition? Is that the general negligence law? I'm sorry? Is that general negligence law? Is that what the restatement would say about negligence law? Well, that's general negligence law, but also, as in the McDonough case in the Second Circuit, in a maritime context, they basically said the same thing. Well, I thought what they said- What I understand, the sensible rule, general rule, is that when there's- In a non-maritime context, maritime law applies general, ordinary negligence law. Yes. So, therefore, you would look at ordinary negligence law. Now, somehow, that's gotten off track and- What? I have an agreement, Your Honor. In ordinary negligence law, especially in California, it's been well-defined for decades that a defendant creates a condition, they're presumed or notice is imputed. That's California law and that still is California law. Unfortunately, I was not able to find any Ninth Circuit maritime law on point. So, counsel, on this point, you're familiar with the Samuels case, right? The ship was- The owner was sued for letting the guy go to some beach where he was injured by the way of action and the court said, basically, where the condition constituting the basis of plaintiff's claim is not unique to the maritime context, a carrier must have actual or constructive notice. And in that case, they said Holland America didn't. So, is there some special rule in the maritime context that overrides regular negligence principles? And if there is, is it your view that that doesn't apply when the defendant created the condition at issue? I don't think there's a special rule, Your Honor. I think it's general negligence is what the standard is. And the question becomes is how do you satisfy the notice? And in this case, it's our contention that notice was satisfied because the defendant created the condition, they drew up the plans, they built the specification, they changed several of the bathrooms and in doing so, they created foreseeable risk of harm and dangerous condition. Now, that's based not only on violation of statute, but also we had expert testimony by way of declaration in the court below. If they didn't violate any regulation, how would there be notice constructive or actual? Sure. There's two ways. I mean, violation of statute gets us over the receipt of the notice. I understand, but if we disagree. But putting aside violation of statute, which I'm not conceding, you know, in this case, we had expert testimony that the configuration of the bathroom presented an unreasonable risk of harm due to the tight quarters and configuration. And you know, the defendant has a duty to maintain it. The defendant has a duty to inspect it. And this is not a temporary condition. There is some distinction between permanent and temporary conditions. Yeah. I mean, your experts say in a variety of ways this was a dangerous condition they knew or should have known and for a variety of reasons, somebody in the ordinary use of it could be injured. Yes. But that evidence was before the district court. It wasn't taken into account. The district court essentially relied on an unpublished 11th Circuit opinion, the Bizzano, questioning some other decisions earlier in the 11th Circuit. Well, I'll ask your friend this, but it certainly appeared to me like the district court was almost setting down a categorical rule that if there was no prior accident and nobody actually said to them, this is dangerous, that they win. That's how we interpreted it, Your Honor. And we don't believe that's in accordance with, you know, at least general negligence principle. Clearly not in accordance with California state law, which this court can look to if there's an absence of federal law on this issue and not in accordance with the Second Circuit. The McDonough case actually had some very interesting language. But what the Second Circuit said in Keith was that it's measured by ordinary reasonable care under the circumstances, which to me means ordinary negligence law. And then it says the carrier had to have actual or constructive notice of the risk-creating condition. Not of the risk, but of the condition. And the ordinary negligence law, as I understand it, is that if you build it, you have notice of it. Sure. The condition, we believe, the evidence presented, viewed in the most favorable light to Mr. Petrie, as the standard requires, is that not only did the defendant build it, but they were aware or should have been aware of and had constructive notice of the condition, the condition being the relatively inexcusably tight space that Mr. Petrie was confronted  That's a question of fact. That's a question of fact. And what happened is, we believe in the court below, is that the district court says, okay, no prior accidents, therefore you can't prove notice. Notice doesn't have to be proved in any particular way. You don't need prior accidents. If a condition exists for a sufficiently long period of time and there's reasonable inspections where the dangerousness condition is foreseeable, then it's a question of fact as to whether or not this charges and establishes notice. Especially in the case where the defendant specifically calls out several rooms, changes several rooms, and makes this condition present. We had evidence before in the trial court for the district court that this is a remodel and only several of the rooms were actually remodeled in this, what we consider or contend to be a dangerous condition. The evidence of the day is that you shouldn't get the first accident for free. That's really what the second circuit in the McDonald case had said. This is a triable issue of fact as to whether or not the length of time, the configuration of the condition, the manner in which Mr. Petrie found himself, and the fact that defendant regularly inspects and maintains these rooms. I mean, this is a hotel. You know, they're in there between guests, changing them, setting the shower curtain however they want to change them. And so, to suggest that they were not aware, not only of the existence of the condition, but the potential dangerousness of the condition. You know, these are issues that should go to the jury. Well, I mean, as Judge Berzon said, if this went back, I mean, you know, there's a difference between you're creating a triable issue and you're convincing a jury. We believe that there is a triable issue. The facts will speak for themselves. You know, when we compare the two, and we did this in the record below, we did in the record before this court, there's two types of configurations in this building. You know, the configuration that was chosen to remodel Mr. Petrie's room in presented a condition, a dangerous condition. And there are a number of factors that go into this, but essentially it's the closeness, the connection, it's the decision of how to set the toilet vis-a-vis the shower and the shower curtain. But with regard to the shower curtain, and this goes both to the ordinary negligence and to negligence per se, there's no evidence that the shower curtain was closed. I respectfully disagree. The evidence that we have is that Mr. Petrie, while he was seated, his right shoulder was rubbing against the shower curtain. But he said he didn't know. Excuse me? When that was asked, he said he didn't know. And his experts said it was open. He said he, if he would guess, he believed it was closed, but he did say he did know it was rubbing against him. A reasonable inference drawn from that is the shower curtain was at least partially drawn. And so, you know, it's our position that the shower curtain and the shower lid, they're all part of the same system. We're talking about the functional width. And the functional width was less than what was required to be safe and appropriate. And therefore, that leaves the issue as, and there's testimony which would. That only works if the shower curtain counts as an obstruction, right? Well, on the violation of statute and an issue of an obstruction, the code is silent. It basically says a sidewall or obstruction. Well, I thought it says something about anything that's pliable isn't an obstruction. I'm sorry? I thought it said somewhere it says anything that's pliable is not an obstruction. No, I think that deals with a plumbing code and that deals with the door to the bathroom, which is something else. That was another place, too, where they said something. But I think the point of the matter is that safety codes, and we cited a lot of this in our reply brief, they're to be construed to promote user safety and liberally construed. And the concept of the safety code in this instance is to make sure there's ample space between the side of the toilet and any type of obstruction, functional, visual, physical, or otherwise. All right, Counselor, you've used your time, but we'll give you a little bit of time for  Thank you, Your Honor.  Good morning, Your Honors. May it please the Court. Andre Pecoro on behalf of Princess Cruise Lines LTD and Alaska Hotel Properties LLC. The requirement under general maritime law that the defendant have actual constructive notice of a dangerous condition has existed for decades. It's been Everett, which is an important case because Everett decided the specific issue of whether But as I understand the sequence here, the original dispute was about whether there was a higher standard than negligence as there is as to maritime matters, a more of an insurability standard. And the conclusion of the case law was that when there is a matter that is not specific to the maritime circumstance, ordinary negligence law applies. That language is repeated. Or the ordinary reasonable care standard. So where did we get to the point that now it's especially high standard under maritime law for things that have nothing to do with maritime circumstances? I mean, Akeef didn't say that, Sam Luce didn't say that, Everett maybe said that, but it doesn't make any sense, does it? Sure. The requirement that there be actual or constructive notice when you create or maintain the condition, I don't view that as a higher standard. Well, it's not the standard under California or Florida law. I mean, for example, on Everett, the evidence was that under Florida law, if you've created the problem, I don't know, maybe they say you have constructive notice. Maybe that's the connection. But in any event, it seemed clear under Florida law that if you built it and created it, then you didn't need specific ascertainable notice of its dangerousness. And the California law, I suspect, is the same. So why do we have a special standard for ordinary negligence under maritime law? Because the courts have decided it that way. Who has? Who has? Other than Everett. Maybe Everett, but what else? The 11th Circuit, and then 9th Circuit cases have followed that 11th Circuit. What 9th Circuit? What 9th Circuit? What published 9th Circuit case? There's no, well, Samuels would be the closest one. So I don't see that in Samuels. I mean, what I see in Samuels is they specifically emphasize that the record does not include any evidence that Holland America knew or should have known that the Pacific Ocean side of Lover's Beach was so dangerous that it needed to warn passengers. They wouldn't have said it if it wasn't relevant. And to me, that's just a restatement of ordinary negligence principles. So how can this special rule that you're advocating be? Why would they have said what they said? Why wouldn't they have just said they didn't know about prior similar accidents? Why would they have used this should have known language if we're looking at something far beyond ordinary negligence? The general maritime definition of ordinary negligence includes the concept that if you create or maintain the condition, that's not, as stated in Everett, the Everett court is very specific in distinguishing general maritime law from Florida. Is it anywhere but Everett? I'm sorry? Is that rule anywhere but in Everett in a published decision? Anywhere other than Everett? In Everett. Yes. Other than Everett. Other than Everett in a published decision. Not in the 9th Circuit. Or anywhere else? The courts that have followed Everett have all, have specifically addressed the issue that an owner who maintains or creates a condition. In a published case. I'm sorry? Is there a published opinion anywhere other than Everett? Yes. Okay. There's the Meyer case, Meyer v. Carnival. That was a case where the, it's within the 9th Circuit, Central District, that Meyer case was. Is there a published appellate decision anywhere other than Everett? There is, more recently, there's a case, no, I don't know that there's, I think Everett is the primary case where this all came from. Primary or only? Only that I'm aware of. The only appellate level published decision where. And Keefe and Samuels that say that they have to have actual constructive notice of the creating condition, not of the dangerousness, but of the condition, doesn't say whatever it says. Well, you know, that's a good point. I mean, there are cases that say that no, there's no dispute that Princess Alaska Hotel properties know that the shower ledge is there. We know there's a condition. There's no knowledge that it's dangerous. Absolutely. Hey, but Samuels and Keefe don't say they have to know it's dangerous. They only have to know that it's a condition. That's correct. All right. So, I. No, in Samuels, the issue in Samuels was the cruise line had no notice that the ocean was dangerous. Someone went swimming in the Pacific Ocean. No, no. They said no known or should have known. And the should have known part is just, to me, just torts 101. That's correct. It's constructive notice. And so, what rule are you advocating for vis-a-vis something where their experts say, at least the way I read the expert declarations, that you guys built it. You should have known that this was unreasonably dangerous to people who are using this bathroom because you built it and you maintained it. Are you saying, as I read the district court is saying, that that alone doesn't get you there without notice that somebody else had been injured? In this specific case, the court is not limited to prior incidents to prove constructive notice. So, what could have gotten them over the threshold here under general maritime law, in your view, that they didn't have? In my view. Beside actual notice of a prior incident. Right. In this specific case, because this is a threshold case, if we analogize it to Everett, in Everett, it was a threshold, very similar. This one was in a passenger walkway instead of a bathroom. But there was red and black tape on it. There was dents on it showing that people hit it with their foot or carts. I suppose if somebody came up with an email that said, we know this is unreasonably dangerous, but we're going to build it anyway, before they built it, that might meet your standard. But that's not ordinary negligence law, is it? Under ordinary negligence law, if you build it and it's unreasonably dangerous, it's your problem. You don't have to know it's dangerous. That's not the general maritime law. Under Everett and nothing else. Is that right? Under Everett and its progeny, under maritime law. Which progeny are we talking about? There are no published appellate progeny. Well, the progeny are the district court cases and the circuit court cases that have relied upon Everett. What circuit court cases? Samuel cites to Everett. No, it doesn't. It cites to Keefe. There's a principle of uniformity. The general maritime law is in large part created by judicial decision. And the Supreme Court recently, in a unanimous decision in 2024 in the Great Lakes case, the Supreme Court reminded the importance of uniformity in the general maritime law. And general maritime law comes from decisions. Well, yes. So I'm not suggesting that they should adopt Florida law or California law. They should adopt general non-maritime negligence law because that's what they said they were doing. All these cases say it's ordinary negligence law. And you can look at the restatement then for what's general ordinary negligence law. But my understanding of general ordinary negligence law, and maybe you should have an opportunity to brief this. I don't know. But it seems to me that general ordinary negligence law would provide that if you build it that way, and you know you build it that way, as you said, you know there's a ledge there, then you are responsible if it's dangerous. You don't have to know that it's dangerous. Well, that's certainly state law. And that's the Florida law. That's California law. I agree with that. The general maritime law has veered from state law. And the general maritime law for 35 years has required that there be actual or constructive notice, and the mere creation or maintenance of that condition is not enough. But just, I mean, if you're right that's what the law is, then my question doesn't matter. But other than uniformity, what public policy does that rule serve that if you built it, that's not enough? If you built it, you know you built it, and it's unreasonably dangerous that you're not responsible. What public policy goal does that serve? There's a public policy of if you are a property owner and you build something like this, a shower ledge that is to code, and there's no evidence whatsoever that this shower ledge is a problem. In fact, it's probably safer than a shower tub, considering the population. But there's no evidence whatsoever. There's no prior incidents. Why would someone be liable? Why are you going to impose liability on someone when they have zero? They are liable under general state law, as you just said, or they could be. It would depend on the record. Every hotel owner in that neck of the woods would be, based on this evidence, would get to the jury on ordinary negligence except for this hotel. Not necessarily. First of all, there's no concession that this is a dangerous condition, even with knowledge of Mr. Petrie's incident. The record evidence shows that he didn't even trip over the shower ledge. That's part of the record. He was trying to catch his balance because he was already falling when his heel hit the shower ledge. I'm not conceding that even after this case. This is not a one-free-dog-bite case. Even after this case, defendants are still, or apologies at this point, have notice of a dangerous condition just because he fell when there's no evidence that he fell because of the shower ledge. It seems to me that this is coming down to when someone built, whoever built the ledge and the configuration of the bathroom, they have noticed that they built it. Do they have to have noticed that it's dangerous or unreasonably dangerous? And how do you prove? Is that a disputed question of fact here? How do they prove when, in the absence of an actual accident, that the condition not only exists but is unreasonably dangerous? When you walk around, there's a danger you could walk into a wall, but that's not unreasonably dangerous to have a wall. So you have to show that it goes beyond just what could cause an accident normally, right? So they're saying now that they have two ways to show that this configuration was unreasonably dangerous. One is they're arguing that it's a violation of building standards. And two, they're saying that even notwithstanding that, they have experts saying that this configuration is too tight. It is unreasonably dangerous. Anyone building this would know that. I think your—I understand your argument on that it's not actually a violation of the code, right? So let's say for a moment, let's put that aside. Why isn't there a genuine dispute of fact just based on their expert testimony that this configuration is unreasonably dangerous and that whoever built it should have known that without any accident occurring? Yes, and that question, the expert testimony, goes to standard of care, which goes to the breach element of ordinary negligence. That doesn't go to notice. There are decisions that—maritime decisions that find that a building code violation, you may be on notice because you violated the code, but if it's requiring some expert to come in and compare the room to an ADA room, which is what the plaintiff did in this case, is saying, well, this room is bigger. Well, that was an ADA accessible room. An expert can always come in and say it could be safer this way or that way. That doesn't mean it's dangerous, but that expert testimony goes to the standard of care. That's a breach issue. That's not notice. Our argument is based on notice. You would agree that no more was required? Judge Sund is asking you if you back out this notion that you have to have specific notice that it's dangerous, then what does the record show as to whether it's unreasonably dangerous? There's no record evidence that it's dangerous. Well, I mean, how can there be that there's no evidence? I'm looking, for example, at engineer—I apologize, I'll mispronounce his name—Pazinok, looking at 2 ER 196. Denali, Princess Wilderness Large, knew or should have known of the dangerous condition present in the bathroom of D120. Denali, Princess Wilderness Large, failed to take corrective measures to reduce or eliminate the danger posed to the users of their bathroom. There was no Daubert motion, right? No. Okay. So why doesn't that get to the jury absent a Daubert motion? Well, I believe the summary judgment was ruled upon before we got to the completion of expert discovery and Daubert motions. Well, you got to do whatever you wanted to move for summary judgment, right? Correct. So just to put a fine point, you would agree then that what I was asking about goes to the reasonable standard of care, then you would be agreeing that there's no requirement that the defendant know that the condition is dangerous. They just have to know it exists, and then it comes down to whether it was reasonable to build it that way? No. My position is under the general maritime law that there has to be notice that it's a dangerous condition, not that they have notice of a condition. Under maritime law. But if we were in general negligence land, they wouldn't have to have noticed that it was dangerous. They would just have to know that it exists, and the dangerousness would come under the reasonable standard of care. But from what I understand under California and Florida law, which has been distinguished from general maritime law, the rule is different. Has been in Everett. Zero. Only that. As to an appellate opinion. I'm sorry? It is only in Everett that that distinction was made. Everett is the highest published, yes, is the most persuasive authority. All right. Thank you. And we just ask that the court not break with general maritime law in light of the uniformity principles. All right. Thank you, counsel. I'm sorry. Did you have another question? All right. We'll give you three minutes. We took a lot of your time, and we've allowed your friend to go over as well with our questions. Thank you. There's not a higher standard in maritime law. It's known or should have known. I'm going to cite the court to Sorrell's versus NCL, a published 11th Circuit decision that basically says the standard of care usually requires actual constructive notice, and it hinges on whether you should have known or should have known. You know, in the Sorrell's case, they basically cited the second in New York in the McDonough case, and it basically says that when the ship owner itself creates a dangerous condition, a plaintiff need not show they had noticed the alleged condition. Ordinary negligence principles apply. There's not a heightened standard. I mean, even Everett says that, you know, which counsel keeps citing, that you don't have to prove notice in any particular way. And in Everett, the case went to a verdict, and then the 11th Circuit remanded it to test the issue of notice before the district court. That's what all we're asking is let the case go to the jury. Let the jury determine, you know, whether or not creating this condition. No, but Everett did hold that the instruction that said Carnival Cruise Lines negligently created or maintained its premises, which would have been the ordinary negligence rule, doesn't apply in maritime law for some reason. It doesn't explain why, but it does say that. Everett says that, but the second circuit, the 11th Circuit in Sorrell seems to be contrary to that. But we're not in the 11th Circuit. We're here in the 9th Circuit. And unfortunately, the 9th Circuit, we're not able to find any specific maritime law on point. We have the 11th. This circuit is free to and can look to state court decisions, and the state court in California is well-developed on this issue. There was evidence with Engineer Pochenok's pronunciation. Sorry. No problem. Engineer Pochenok, he said, listen, this was built. The premises was maintained. It was inspected. You know, it was unreasonably, it was foreseeable. This was a reasonable risk of harm to the configuration. And this in and of itself should have gotten plaintiff over the burden, and especially in summary judgment, looking at all inferences most favorable to the non-moving party. This case should not have been summary judgment out. We're requesting the court remand to the district court. The issue of notice is a question of fact, and the record amply supports the fact that it's a determination that should be made by the jury. Thank you. All right, thank you. We thank counsel for their arguments, and the case just argued is submitted.
judges: BERZON, BENNETT, SUNG